Ellsworth, J.
We are all agreed that there is manifest error in this record, and that the judgment of the superior court must be reversed. The reasons for this opinion we will briefly state, that the court below may know the grounds upon which we proceed, and be able to direct the receivers in their future course, should they find it necessary to ask for further instructions.
We can not assent to the principle of law laid down by the judge of the superior court, as the very ground work of his opinion, that because the Connecticut Bank had no right, (as we think it had not,) to sell as merchandise in the market the seven thousand dollars in bills of the Litchfield Bank held by it as col *474 lateral security for the loan of five thousand dollars, it follows that the Connecticut Bank is liable to account for them [ *581 ] at their par value. They are liable, doubtless, *for doing what they had no right to do, and, as we have said, under the circumstances they had no right to put the bills into circulation as money, as was originally agreed, when they had lost their character as money and had become mere chattels ; but then they are liable only for the injury which they have thereby done to the Litchfield Bank, the amount of which is just what the bank or the receivers of the bank have to pay to the bona fide holders of these bills. To that amount only are the assets in the receivers’ hands reduced by having the bills presented against the bank by these holders.
Adopting this rule as the correct one, the receivers should allow to the Connecticut Bank, as a good debt in its favor, the loan of five thousand dollars with its interest, deducting therefrom the amount of dividend made on the seven thousand dollars of bills; for what is paid on the collateral is paid to be applied on the debt. As to the Connecticut Bank, the collateral may still be treated as the security of the five thousand dollar loan. Though separated from it by the sale, its relation to the loan must be regarded as yet continuing.
This view of the case does eqflal justice to both parties; to the Litchfield Bank, for it is saved harmless from the seven thous- and dollars of bills thus put into circulation, unless, indeed, the dividend on these bills should amount to more than, the five thousand dollar loan and interest, which it is agreed is not the fact; and to the Connecticut Bank, by the allowance in its favor of the amount loaned to the Litchfield Bank, with interest thereon, while it is permitted to retain the Van Clief & Smith notes for any balance due, if any shall remain after applying the dividend declared on the seven thousand dollars of bills taken as collateral.
Other questions were made on the argument which we have not thought it necessary to consider. There is manifest error in the judgment of the superior court.
In this opinion the other judges concurred.
Judgment reversed.